Welch, J.
The case, as argued by counsel, involves two questions: 1. Are the relators entitled to receive this money ? 2. If they are, is mandamus their proper remedy ?
The last-named question must be first considered; because, if mandamus be not the proper remedy, then we have no jurisdiction of the case, and the question of relators’ right to recover the money belongs to another court.
Admitting, then, the right of the relators to this money, *537 and that it is wrongfully withheld, is mandamus their proper remedy? We are unanimous in the opinion that it is not. They have “ a plain and adequate remedy in the ordinary course of the law.” The probate judge, equally as a justice of the peace, is required by law to give, and in the present case has given, an official bond, conditioned, among other things, to pay over all money that shall come into his hands by virtue of his office. The probate judge becomes the personal custodian of money so received, and personally liable to account for it, when properly required to do so, and may, as may also the sureties on his official bond, be sued for it in an ordinary action. To hold that a mandamus is the legitimate remedy in such a case would be, in effect, to hold it a proper remedy in like cases against justices of the peace. Counsel say this is the proper remedy here, because the money was paid into “ court,” and not to the individual judge. This seems to us to be a distinction without a difference. It is equally true of money paid to a justice of the peace in his official capacity, that it is paid into court. In both cases the receipt of the money is an official act, the act of the court, and, therefore, has the effect to discharge the party paying it; but in both eases the unlawful detention of it is an individual act, and, therefore, has the effect to charge the individual. The officer is at once the court and the individual custodian of the fund. He receives it as the court, hut he holds it as the custodian, and becomes liable as such, if he refuses to pay it over according to law.

'Writ refused.